# United States Court of Appeals

### For the Seventh Circuit

Chicago, Illinois 60604

## NOTICE OF ISSUANCE OF MANDATE

E-FILED
Monday, 10 January, 2005 04:30:27 PM
Clerk, U.S. District Court, ILCD

DATE: January 7, 2005

TO: John M. Waters
United States District Court
Central District of Illinois
151 U.S. Courthouse
600 E. Monroe Street
United States Courthouse & Federal Building
Springfield, IL 62701

FROM: Gino J. Agnello, Clerk

RE: 04-2582
Morris, Katrell B. v. USA
03 C 3218, Jeanne E. Scott, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                            **TO BE RETURNED AT LATER DATE:**
[1]    Volumes of pleadings                              [ ]
[ ]    Loose pleadings                                   [ ]
[ ]    Volumes of transcripts                            [ ]
[ ]    Volumes of exhibits                               [ ]
[ ]    Volumes of depositions                            [ ]
[ ]    In Camera material                                [ ]
[ ]    Other_____             [ ]

       Record being retained for use                     [ ]
       in Appeal No. _____

Copies of this notice sent to:         Counsel of record
[ ]    United States Marshal
[ ]    United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: __1/10/05__                              s/ B. Race
(1071-120397)                                  Deputy Clerk, U.S. District Court

FILED
JAN 10 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>JUDGMENT- WITHOUT ORAL ARGUMENT</u>

Date: November 15, 2004

BEFORE:  Honorable WILLIAM J. BAUER, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

Honorable ANN CLAIRE WILLLIAMS, Circuit Judge

No. 04-2582

KATRELL B. MORRIS,
      Petitioner - Appellant
 v.

UNITED STATES OF AMERICA,
      Respondent - Appellee

Appeal from the United States District Court for the
Central District of Illinois
No. 03 C 3218, Jeanne E. Scott, Judge

    The judgment of the District Court is AFFIRMED,
in accordance with the decision of this court entered on this date.

(1060-110393)

**FILED**
JAN 1 0 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

A True Copy:
Teste:
of the United States
Court of Appeals for the Seventh Circuit

CERTIFIED COPY

UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

CERTIFIED COPY

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 26, 2004[*]
Decided November 15, 2004

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2582

| | |
|---|---|
| KATRELL B. MORRIS,<br>    *Petitioner-Appellant,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 03-3218 |
| UNITED STATES OF AMERICA,<br>    *Respondent-Appellee.* | Jeanne E. Scott,<br>*Judge.* |

ORDER

In this appeal from the denial of relief under 28 U.S.C. § 2255, the district court granted a certificate of appealability on the question whether Katrell Morris was denied the effective assistance of counsel when his lawyer at sentencing failed to object to the use of a juvenile adjudication decided by a court, a proceeding with

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

No. 04-2582 Page 2

no right to a jury trial, in enhancing his sentence under the Armed Career Criminal Act.[1] We affirm the district court's judgment.

Morris pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Prior to his plea, the government alerted Morris that it would argue for sentencing under the Armed Career Criminal Act ("ACCA"), *id.* § 924(e), which would increase the statutory maximum from 10 years to life and impose a minimum term of 15 years. At sentencing, the district court imposed a 15-year ACCA term, citing as the three qualifying prior offenses two convictions as an adult for "aggravated discharge of a firearm," *see id.* § 924(e)(2) (defining "violent felony"), and one juvenile adjudication for attempted robbery, *see id.* ("the term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony"). On direct appeal Morris did not challenge the inclusion of his juvenile adjudication as a prior "conviction"; we affirmed his sentence. *United States v. Morris*, 293 F.3d 1010 (7th Cir.), *cert. denied* 537 U.S. 987 (2002). Morris then filed a motion to vacate his sentence under § 2255, claiming among other things that defense counsel should have objected at sentencing to the use of the juvenile adjudication since the finding of delinquency was made by a judge rather than a jury.

We review the district court's legal conclusions *de novo*, and its factual findings for clear error. *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002). To succeed on his claim that counsel was ineffective at sentencing, Morris was required to demonstrate that the lawyer's performance was deficient under prevailing professional norms, and that the poor representation likely affected the outcome of sentencing. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Berkey v. United States*, 318 F.3d 768, 772, 774 (7th Cir. 2003). We evaluate the performance prong of *Strickland* "in the context of the case as a whole, viewed at the time of the conduct, and maintain a strong presumption that the defendant received effective assistance." *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003).

---

[1] We note that Morris did not attach to his appellate brief an appendix containing the materials required by Federal Rule of Appellate Procedure 30 and our Circuit Rule 30, or the statement required by Circuit Rule 30(d) certifying the presence of these materials or stating that no such materials exist. The missing materials include the district court's order denying Morris' § 2255 motion and granting his application for a certificate of appealability, both of which are directly at issue in this appeal. We remind Morris that his *pro se* status does not absolve his responsibility to provide these required materials, which are "vital to the appellate function." *Guentchev v. INS*, 77 F.3d 1036, 1039 (7th Cir. 1996). We also hope that the United States would correct such omissions, *see, e.g., United States v. Denberg*, 212 F.3d 987, 991 n.3 (7th Cir. 2001), although it did not in this case.

Morris rests his claim on *United States v. Tighe*, 266 F.3d 1187, 1194-95 (9th Cir. 2001), in which the Ninth Circuit held that juvenile adjudications obtained in proceedings that do not afford a right to a jury trial or require proof beyond a reasonable doubt cannot serve as ACCA predicates. The court collectively read *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Jones v. United States*, 526 U.S. 227 (1999), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), to stand for the proposition that a jury entitlement and the reasonable-doubt standard are essential safeguards that if absent preclude a juvenile adjudication from falling within the *Almendarez-Torres* exception to *Apprendi* for prior "convictions." *Tighe*, 266 F.3d at 1194.

The Third and Eighth Circuits have rejected *Tighe*. In *United States v. Jones*, 332 F.3d 688, 695-96 (3d Cir. 2003), and *United States v. Smalley*, 294 F.3d 1030, 1032-33 (8th Cir. 2002), those courts concluded that juvenile adjudications qualify as ACCA predicates so long as they meet the due process requirements for *juvenile* proceedings, which include proving the juvenile guilty beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 368 (1970), but not trial by jury, *McKeiver v. Pennsylvania*, 403 U.S. 528, 547 (1971) (plurality opinion). In light of *McKeiver*, the Third and Eighth Circuits declined to interpret *Apprendi* to require a trial by jury for juvenile offenders in order for the juvenile adjudication to qualify as a predicate "conviction" under the ACCA. *Jones*, 332 F.3d at 696; *Smalley*, 294 F.3d at 1032. Thus, both circuits held that, irrespective of the right to a jury trial, juvenile adjudications fall within the "prior conviction" exception to the *Apprendi* rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490; *see also Almendarez-Torres*, 523 U.S. at 547.

The government urges us to follow the path of the Third and Eighth Circuits, but we see no reason to take a position in this appeal. Unlike *Tighe*, *Jones*, and *Smalley*, this is not a direct appeal, and our assessment of counsel's performance must rest on the state of the law when Morris was sentenced in December 2001. *See Hardamon*, 319 F.3d at 948; *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993). By then it was clear in this circuit that "*Apprendi* does not overrule the holding of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), that penalty enhancements based on recidivism need not be established beyond a reasonable doubt." *United States v. Brough*, 243 F.3d 1078, 1081 (7th Cir. 2001); *see United States v. Martinez-Garcia*, 268 F.3d 460, 463-64 (7th Cir. 2001) (stating that *Almendarez-Torres* survived *Apprendi*). And, we had previously held that there is no time limitation placed on the predicate offenses the government may rely upon under § 924(e), *see United States v. Wright*, 48 F.3d 254, 256 (7th Cir. 1995); we had also recognized that juvenile adjudications for violent felonies qualify as predicate offenses under § 924(e), *see, e.g., United States v. Hudspeth*, 42 F.3d 1015, 1021 n.7 (7th Cir. 1994) (en banc); 18 U.S.C. § 942(e)(2)(C) ("the term 'conviction' includes a finding that a person has committed an act of juvenile

No. 04-2582                                                                                                 Page 4

delinquency involving a violent felony"). Morris' Illinois juvenile adjudication for attempted robbery is just such a violent felony. *See United States v. Gillaum*, 372 F.3d 848, 853 (7th Cir. 2004) (identifying attempted robbery in Illinois as a predicate offense for the purposes of § 924(e)).

In light of our then-existing precedent, we could not characterize counsel's failure to object to the use of Morris' nonjury juvenile adjudication – even given the recent *Tighe* decision – as a choice "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 689-90. Putting aside that *Tighe* now stands alone as the minority view, we have not interpreted the Sixth Amendment to "require counsel to forecast changes or advances in the law; or to press meritless arguments before a court," *Lilly*, 988 F.2d at 786 (citation omitted).

We therefore affirm the district court's judgment.

AFFIRMED.